IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JONI CRACKEL, | : |
| Plaintiff | : |
| VS. | : |
| | : Case No.: 1 : 09-CV-15 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on January 26, 2009, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."

*Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## ISSUES

**I.   Whether the ALJ failed to properly assess the plaintiff's residual functional capacity.**

### *Administrative Proceedings*

The plaintiff filed an application for disability insurance benefits on August 26, 2006, alleging disability based on bipolar disorder, nervous anxiety, depression and reflux disorder since June 5, 2006. (T-92). Her claim was denied initially and upon reconsideration. (T- 51-54, 58-61). A hearing was held before an ALJ in Albany, Georgia on June 4, 2008. (T-18-48). Thereafter, in a hearing decision dated September 3, 2008, the ALJ determined that the plaintiff was not disabled. (T-16). The Appeals Council denied review on December 5, 2008, making the September 3, 2008, decision the final decision of the Commissioner (T-1-4).

*Statement of Facts and Evidence*

The plaintiff was fifty-two (52) years of age at the time of the ALJ's decision. (T-6,76). She completed the eleventh grade and has a GED, with past relevant work experience as a waitress and chicken boner. (T-98, 105-06). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of bipolar disorder and peptic ulcer disease. (T-11). The ALJ found that the plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, remained capable of performing a full range of medium work with non-exertional limitations due to the bipolar disorder. (T-11-13). Although she found that the plaintiff could not return to her past relevant work, after receiving vocational expert testimony, the ALJ determined that the plaintiff could perform other jobs existing in significant numbers in the national economy and she was thus not disabled. (T-15-16).

## DISCUSSION

**I.  Did the ALJ fail to properly assess the plaintiff's residual functional capacity ?**

The plaintiff argues that the ALJ failed to properly assess her residual functional capacity, in that she failed to incorporate certain limitations: 1 ) that plaintiff is impaired in the ability to maintain consistency; 2) that plaintiff is moderately limited in social functioning; and 3) that plaintiff has marked restrictions in her ability to respond appropriately to work pressures and to changes in the work setting. (Doc. 10).  The ALJ determined that the plaintiff

> has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with exceptions.  The claimant can occasionally lift or carry and push or pull 50 pounds.  The claimant can frequently lift or carry and push or pull 25 pounds.  The claimant can sit, stand, or walk for 6 hours of an 8 hour day.  The claimant has no postural, manipulative, visual, communicative, or environmental limitations.  The claimant can understand, remember and follow simple instructions and sustain concentration, persistence, or pace for simple tasks.  The claimant should not work in large groups.  The claimant can tolerate occasional contact with the general public and coworkers.  The claimant may need occasional supportive supervision

>and is capable of accepting supportive supervision. The claimant requires
>a stable work setting with similar job duties rather than changing job duties.

(T - 13).

In arriving at this conclusion regarding residual functional capacity, the ALJ considered opinion evidence in the record, in addition to the objective medical record, and specifically set out certain limitations in posing hypotheticals to the Vocational Expert ("VE"). Dr. Smith, a consultative examiner, examined the plaintiff in November 2006, and determined that plaintiff's ability to maintain production norms and consistency was impaired. (T - 199). There is no indication, however, that this limitation was the equivalent of a complete inability to maintain consistency, as set out by plaintiff's attorney to the VE as "very impaired or has no consistent ability to maintain production norms and consistency." (T - 46). The presence of an impairment regarding plaintiff's ability to concentrate was included in the ALJ's assessment of plaintiff's limitations, as was her ability to maintain concentration, persistence and pace. The ALJ specifically set forth that plaintiff was limited in these areas related to the completion of simple tasks, due to her mental impairments. (T - 43).

To the extent that the plaintiff challenges the ALJ's findings regarding her credibility, the undersigned finds that the ALJ properly assessed plaintiff's credibility. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using

plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988); *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ herein set out specific reasons for discrediting the plaintiff's subjective accounts of pain and other symptoms, finding that her statements were inconsistent with the objective medical record and her account of daily activities, which included caring for her personal needs, dishes, laundry, walks, eating out, and visiting with family and friends. (T - 13,14).

Finally, to the extent that the plaintiff asserts that the ALJ failed to adequately include limitations concerning social functioning and response to routine work setting, a review of the ALJ's findings and the hearing transcript reveals that the ALJ incorporated such limitations to the extent she found support for same in the objective medical record. The ALJ did include limitations based on plaintiff's reduced ability to function socially, setting out that she should not work in large groups and could only tolerate occasional contact with the general public and coworkers. (T - 13). The ALJ also included limitations regarding plaintiff's needs for a stable work setting with consistent job duties, which was supported by the findings of Dr. Carter that plaintiff suffered limitations in meeting the demands of a changing work setting, but did not have substantial restrictions in this area. (T - 13, 216).

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence

and was reached through a proper application of the legal standards, the Commissioner's decision is hereby

**AFFIRMED** pursuant to Sentence Four of § 405(g).

    **SO ORDERED**, this 26th day of March, 2010.

                              /s/ W. Louis Sands
                              **THE HONORABLE W. LOUIS SANDS**
                              **UNITED STATES DISTRICT COURT**